IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


CAROL W. COHEN and ELLIOT J.                    PLAINTIFFS
SLUTSKY

v.                                          Civil No. 2:17cv94-HSO-JCG

FIRST BANK                                       DEFENDANT


## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION [6] TO DISMISS AND GRANTING PLAINTIFFS' MOTION [17] FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

BEFORE THE COURT is the Motion [6] to Dismiss filed by Defendant First Bank and the Motion [17] for Leave to File First Amended Complaint filed by Plaintiffs Carol W. Cohen and Elliot J. Slutsky.   After the Internal Revenue Service ("IRS") issued Plaintiffs a $70,084.00 tax refund check, Plaintiffs endorsed the check and mailed it to their bank for deposit.   Plaintiffs claim that someone intercepted the check and took it to Defendant First Bank, where First Bank paid the full value of the check in cash to the thief.   Plaintiffs reported the check as stolen to the IRS, which issued a replacement check in the same amount.   But the IRS subsequently informed Plaintiffs that the second check was sent in error and demanded that Plaintiffs reimburse the $70,084.00, plus $5,947.64 in interest.

Invoking this Court's diversity jurisdiction, Plaintiffs sued First Bank on June 15, 2017, for conversion and negligence/gross negligence.   First Bank moves to dismiss Plaintiffs' Complaint on grounds that the Court does not have subject

matter jurisdiction because the amount in controversy does not exceed $75,000.00, Plaintiffs failed to join the IRS and the alleged endorser of the check as necessary parties, failed to timely file their lawsuit, and were contributorily negligent by virtue of their unsafe transfer of the check. Plaintiffs oppose First Bank's Motion [6] to Dismiss and have also brought a Motion [17] for Leave to File First Amended Complaint seeking to add the alleged fraudulent endorser of the check as a defendant. Based upon its review of the record and relevant legal authority, the Court finds that First Bank's Motion [6] should be denied and that Plaintiff's Motion [17] should be granted.

## I. BACKGROUND

A.    Plaintiffs' Factual Allegations

According to the Complaint and attached exhibits, prior to May 11, 2015, Plaintiffs received a tax refund check ("Original Check") from the IRS in the amount of $70,084.00. Compl. [1] at ¶ 5. The Original Check appears to have been issued on October 28, 2014, and states "Void after one year." Ex. A to Compl. [1-2]. Plaintiffs endorsed the Original Check "for deposit only" and mailed it to their bank. Compl. [1] at ¶ 5. The Complaint alleges that unknown persons intercepted the Original Check while it was in transit, *id.* at ¶ 6, and that on May 11, 2015, these unknown persons fraudulently endorsed the Original Check and took it to First Bank to be cashed, *id.* at ¶ 7. Plaintiffs claim that First Bank accepted the Original Check and paid the full face value in cash to these unknown persons. *Id.* at ¶ 8.

Plaintiffs reported the Original Check stolen to the IRS, which issued another check ("Replacement Check"). *Id.* at ¶ 9; Ex. B. to Compl. [1-3]. The IRS later notified Plaintiffs that they were obligated to return the $70,084.00 for the Replacement Check, plus interest. Compl. [1] at ¶ 9. According to a letter from the IRS dated May 11, 2017, the refund check "dated Dec. 26, 2014, for $70,084.00" was "sent to [Plaintiffs] in error." Ex. B to Compl. [1-3] at 3. The IRS apparently claims that Plaintiffs owe $70,084.00, plus $5,947.64 in interest to May 11, 2017, for a total of $76,031.64. *Id.*

Based on the facts alleged in the Complaint, Plaintiffs bring claims against First Bank for conversion and negligence/gross negligence. Compl. [1] at 2-3. With respect to their negligence-based claims, Plaintiffs assert that First Bank owed them a duty "to observe reasonable and customary banking procedures in accepting and paying the Check." *Id.* at ¶ 17. First Bank allegedly breached this duty by "failing to ascertain that the endorsement on the Check was fraudulent and by paying the full value of the Check in cash to the fraudulent endorser despite the clear and unambiguous restriction that the Check was 'for deposit only.'" *Id.* at ¶ 18. Plaintiffs seek "actual, compensatory, consequential, and incidental damages for conversion of their personal property, along with interest, punitive damages, attorneys' fees, costs of suit and any further relief this Court may deem proper." *Id.* at 4. The Complaint also claims damages for "the interest that Plaintiffs are required to pay the IRS." *Id.* at ¶ 14.

B.  <u>First Bank's Motion [6] to Dismiss</u>

First Bank moves to dismiss on several grounds, asserting that this Court lacks subject matter jurisdiction because Plaintiffs have not satisfied the amount in controversy requirement for diversity jurisdiction.  Def.'s Mem. [7] at 2. Specifically, First Bank contends that Plaintiffs' remedies in this action are limited to the face value of the check ($70,084.00), that the Uniform Commercial Code ("UCC") forbids consequential and punitive damages, and that 28 U.S.C. § 1332 excludes interest from the calculation of the jurisdictional minimum.  *Id.* at 4-6. First Bank posits that the IRS and a fourth party, Crechale Auction and Sales ("Crechale"), the alleged endorser of the Original Check, are necessary parties to this action, and because Plaintiffs have not joined those parties, the case must be dismissed.  *Id.* at 2-3.

Though not citing the rule, First Bank also makes several arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).  First Bank contends that the IRS is the real party in interest because Plaintiffs' damages claim of $70,084.00 is subject to a claim from the IRS, *id.* at 3, and that Plaintiffs are barred by the doctrine of laches for failing to bring their claim within a reasonable time after they learned of the alleged conversion, *id.* at 6-7.  The Bank next asserts that this action is time-barred because it was brought more than one year after the Original Check was issued, as the check states it is void after one year and claims for replacement checks must be brought within one year after the date of issuance of the check.  *Id.* at 7.  First Bank further posits that Plaintiffs may not recover due to their own

4

contributory negligence by virtue of their unsafe transfer of the check. *Id.* at 8-9.
Lastly, First Bank contends that Plaintiffs' claims are barred on grounds of accord
and satisfaction due to the IRS' payment to them of the Replacement Check. *Id.* at
9.

Plaintiffs respond that recovery of punitive damages and prejudgment
interest in a conversion case is allowed in Mississippi, satisfying the amount in
controversy requirement for diversity jurisdiction. Pls.' Mem. [10] at 5-7. With
respect to First Bank's argument regarding the failure to join necessary parties,
Plaintiffs concede that Crechale may be joined as a necessary party. *Id.* at 15.
Plaintiffs maintain, however, that the IRS is not a necessary party because the IRS
has a claim against them, not First Bank, *id.* at 16-18, and because the IRS has no
substantive right in this conversion claim, *id.* at 9-10.

Plaintiffs further contend that a three-year statute of limitations applies to
their conversion claim and that they filed their Complaint within that limitations
period, *id.* at 11-12, that the doctrine of laches is not applicable to their claim, *id.* at
12, and that contributory negligence would not bar their claim because Mississippi
applies the comparative fault doctrine to the UCC, *id.* at 13-14. Finally, Plaintiffs
deny that there has been an accord and satisfaction between Plaintiffs and First
Bank. *Id.* at 14-15.

In its Reply [12], First Bank argues that Plaintiffs' Complaint does not plead
malice, gross negligence, or conduct evincing a willful, wanton, or reckless disregard
for Plaintiffs as would be required to establish a claim for punitive damages, Reply

[12] at 5, and that the IRS is a necessary party because the IRS could later bring a claim against First Bank for the refund check, *id.* at 8-9.

C.    Plaintiffs' Motion [17] to Amend Complaint

On November 14, 2017, Plaintiffs filed a Motion [17] for Leave to File First Amended Complaint, seeking to add Crechale as a defendant.    Mot. [17] at 1. Plaintiffs also seek to add a claim for civil conspiracy against Crechale and First Bank.    Proposed First Am. Compl. [17-1] at 8-9.    Plaintiffs' proposed First Amended Complaint alleges that the unknown persons endorsed the Original Check in the name of Crechale underneath Plaintiffs' written statement "for deposit only" on the back of the check, *id.* at ¶ 8, and that First Bank accepted the check without question and paid the full value of the check in cash to the unknown persons by allowing the check to be deposited into Crechale's business account with First Bank, *id.* at ¶ 9.    Plaintiffs claim that Crechale and First Bank's Branch Manager had an ongoing relationship during the time the Original Check was deposited into Crechale's account at First Bank, *id.* at ¶ 14, and that the individuals who stole the check created false Florida drivers' licenses in Plaintiffs' names and used these drivers' licenses to purchase a commercial truck and trailer from Crechale, *id.* at ¶ 15.

First Bank takes the position that the Court lacks jurisdiction to grant Plaintiffs' Motion to Amend because the amount in controversy in a diversity action is determined as of the date of filing of the lawsuit, and the amount claimed in the original Complaint did not meet the amount in controversy requirement.    Def.'s

Mem. [22] at 1.   First Bank further contends that civil conspiracy must be pled with particularity, but that Plaintiffs' proposed First Amended Complaint fails to do so.   *Id.* at 4.

## II. <u>DISCUSSION</u>

A.   <u>Legal Standard</u>

1.   <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).   "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."   *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).   Subject matter jurisdiction may be determined on the basis of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."   *Ramming*, 281 F.3d at 161.   The burden of proof on a Rule 12(b)(1) motion rests with the party seeking to invoke the Court's jurisdiction.   *Id.*   "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule (12)(b)(1) jurisdictional attack before addressing any attack on the merits."   *Id.* (citation omitted).

2.   <u>Federal Rule of Civil Procedure 12(b)(7)</u>

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a party

may assert, by motion, the defense of "failure to join a party under Rule 19." Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute and for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. Fed. R. Civ. P. 19(b). "Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor[.]" *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Id.* (quoting *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).

### 3.    Federal Rule of Civil Procedure 12(b)(6)

When presented with a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action

is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).

      4.   <u>Motions to Amend under Federal Rule of Civil Procedure 15</u>

      The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1983). Consequently, "there is a strong presumption in favor of granting leave to amend[.]" *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). As this strong presumption exists, "[t]he district court must have a 'substantial reason' to deny a request for leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

B.   <u>Analysis</u>

      1.   <u>Whether Plaintiffs Have Satisfied the Amount in Controversy Requirement to Invoke This Court's Diversity Jurisdiction</u>

      The threshold question before the Court is whether it has subject matter jurisdiction over this case. Plaintiffs' Complaint asserts that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Compl. [1] at 1. To establish jurisdiction under 28 U.S.C. § 1332(a), the parties must be of completely diverse citizenship and "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." First Bank contends that the amount in controversy in this case does not exceed $75,000.00.

Dismissal of a diversity action for want of jurisdiction is justified only where it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. The determination of whether the requisite amount in controversy exists is a federal question; however, State law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce.

*Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979) (citations and quotation marks omitted). "Subject matter jurisdiction is determined at the time the complaint is filed." *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994).

In an action for conversion of an instrument under Mississippi law, "the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument." Miss. Code Ann. § 75-3-420. Mississippi Code Section 75-1-305(a) provides:

The remedies provided by the Uniform Commercial Code must be liberally administered to the end that *the aggrieved party may be put in as good a position as if the other party had fully performed* but neither consequential or special damages nor penal damages may be had *except as specifically provided in the Uniform Commercial Code or by other rule of law*.

Miss. Code Ann. § 75-1-305(a) (emphasis added).

Here, the Complaint states that the Original Check was in the amount of $70,084.00. Compl. [1] at 2. This amount is insufficient to satisfy the jurisdictional amount, unless Plaintiffs have properly pled consequential, special, or penal damages "as specifically provided in the UCC or by other rule of law." *See* Miss. Code Ann. § 75-1-305(a).

The Complaint demands consequential, incidental, and punitive damages,

plus interest, attorneys' fees, and costs. Compl. [1] at 4. With respect to Plaintiffs' claim for incidental and consequential damages, in a conversion action in Mississippi, "[i]ncidental and consequential damages . . . are barred." *Hancock Bank v. Ensenat*, 819 So. 2d 3, 12 (Miss. Ct. App. 2001).

As for the Complaint's request for interest, Plaintiffs contend that they are allowed to recover interest accruing on the check. Pls.' Mem. [10] at 6. In *Ensenat*, the Court of Appeals of Mississippi addressed whether a plaintiff could recover interest in a conversion claim, stating:

> We should not be read to hold that section 75-3-420 prevents interest from being paid. When an amount is received has an impact on its value. Interest that commences with the date of the conversion would be prejudgment interest. That is within the discretion of the trial judge. It requires that damages be liquidated and that a request appear in the complaint.

*Ensenat*, 819 So. 2d at 15; *see also id.* at 13 (finding that the amount payable on the check, "plus any relevant interest, is the cap on the bank's liability for actual damages."). Therefore, it does not appear to a legal certainty that Plaintiffs may not be able to recover the prejudgment interest on the fraudulently endorsed check. However, this figure cannot be included to satisfy the amount in controversy, as First Bank correctly notes that the amount in controversy must exceed "$75,000, *exclusive of interest* and cost." 28 U.S.C. § 1332(a) (emphasis added).

The Court's inquiry into interest does not end there, as Plaintiffs also seek to recover as damages the interest they claim to owe the IRS, which is $5,947.64. In *Brown v. Webster*, 156 U.S. 328 (1895), the plaintiff sued for damages of $6,000.00 for being evicted from land which the defendant had given to him by warranty deed.

*Id.* at 329.   The plaintiff had only paid $1,200.00 for the land.   *Id.*   The defendant

claimed that the case did not satisfy the jurisdictional amount requirement, which

was $2,000.00 at the time.   *Id.*   The Supreme Court distinguished between

"interest as such" and interest "as an instrumentality in arriving at the amount of

damages to be awarded on the principal demand."   *Id.*   Under the relevant state

law, the damages constituted the return of the purchase price plus interest, which

in that case, came to be more than $2,000.00.   *Id.* at 329-30.   Because the interest

was an "essential ingredient" in the principal demand for the eviction claim, the

Supreme Court held that jurisdiction existed.   *Id.* at 330.   As stated more simply,

interest is excluded under *Brown v. Webster* "if it is only incidental to the claim the

plaintiff is asserting or if it arises solely by virtue of a delay in the payment of an

obligation," but is not excluded "if it is itself the basis of the suit and part of the

obligation."   14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and

Procedure* § 3712 (4th ed. 2017).

   Here, the claim of interest owed to the IRS does not seem to be wholly

incidental to Plaintiffs' claim.   The interest owed to the IRS, as distinguished from

any prejudgment interest Plaintiffs may be seeking to recover on the Original

Check, seems to be more in the nature of the basis of Plaintiffs' suit and part of

Plaintiffs' obligation to the IRS.   Plaintiffs allege that they are indebted to repay

the amount of the check to the IRS plus $5,947.64 in interest, an obligation

Plaintiffs will owe regardless of whether they are able to recover any prejudgment

interest on the Original Check.   Perhaps a different scenario would be presented if

the Plaintiffs never requested or received the Replacement Check and were not later informed that they had to reimburse the IRS for the face amount of the check, plus interest. However, under the facts here, this element of the interest claimed constitutes "an integral part of the aggregate amount of damages owed to the IRS" because it is "an integral part of the total obligation demanded from" Plaintiffs by the IRS. *See Brainin v. Melikian*, 396 F.2d 153, 155 (3d Cir. 1968).

Nor should the interest owed to the IRS be excluded on grounds of delay of payment or suit by Plaintiffs. "The purpose of excluding interest is to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction. Thus, interest is not counted if it was an incident arising solely by virtue of a delay in payment of the underlying amount in controversy." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (citations and quotation marks omitted). Based on the allegations in the Complaint, Plaintiffs reported the Original Check as stolen within two months of the check being issued, the IRS did not demand reimbursement until May 11, 2017, and Plaintiffs filed their Complaint on June 15, 2017. The alleged interest that the IRS is demanding is not the result of Plaintiffs' delay in payment or in filing suit, but rather, the interest accrued because the IRS had not yet informed Plaintiffs that the Replacement Check was sent in error. Until May 11, 2017, Plaintiffs were unaware that they owed any obligation to the IRS. Plaintiffs' claim for $70,084.00, plus $5,947.64 in interest owed to the IRS, is properly included in the amount in

controversy and satisfies the jurisdictional amount.[1]   The Court has subject matter jurisdiction over this case.

2.      Whether the IRS and Crechale Must Be Joined as Necessary Parties

First Bank seeks dismissal on the theory that the IRS and Crechale are necessary parties under Federal Rule of Civil Procedure 19, but have not been joined in the action.   Def.'s Mem. [7] at 2-3.   Rule 19(a)(1) states:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

First Bank contends that Crechale is a necessary party because Crechale appears to have been an endorser of the Original Check.   Def.'s Mem. [14] at 3. Plaintiffs concede that Crechale may be joined as a necessary party under Rule 19, Pls.' Mem. [10] at 15, and move for leave to amend their Complaint, in part to add

---

[1]      As an alternative ground for satisfying the amount in controversy requirement, Plaintiffs contend that Mississippi law provides for the recovery of punitive damages in a conversion claim.   Pls.' Mem. [10] at 5. Because the Court concludes that Plaintiffs' claim otherwise meets the amount in controversy, the Court need not resolve the punitive damages issue.

Crechale as a defendant. As more fully discussed below, the Court will grant Plaintiffs' Motion for Leave to Amend, which will add Crechale and moot First Bank's argument that Crechale is a necessary party.

First Bank next argues that the IRS is making claim to the same sum as is sought by Plaintiffs, potentially subjecting First Bank to duplicative or conflicting claims. Def.'s Mem. [7] at 3. First Bank elaborates in its Reply that the IRS could seek reimbursement for the Original Check from First Bank under 31 U.S.C. § 3712. Reply [12] at 8-9. First Bank is correct that "[t]he Secretary [of the Treasury] also has a statutory remedy against the depositary bank that paid a Treasury check on a forged indorsement, subject to the statute of limitations provided in 31 U.S.C. § 3712(a)(1)." *Your Ins. Needs Agency Inc. v. United States*, 274 F.3d 1001, 1004 (5th Cir. 2001). 31 U.S.C. § 3712 provides, in relevant part as follows:

(a) CLAIMS OVER FORGED OR UNAUTHORIZED ENDORSEMENTS.−

(1) PERIOD FOR CLAIMS.−If the Secretary of the Treasury determines that a Treasury check has been paid over a forged or unauthorized endorsement, the Secretary may reclaim the amount of such check from the presenting bank or any other endorser that has breached its guarantee of endorsements prior to−
(A) the end of the 1-year period beginning on the date of payment; or
(B) the expiration of the 180-day period beginning on the close of the period described in subparagraph (A) if a timely claim is received under section 3702.

(2) CIVIL ACTIONS.−(A) Except as provided in subparagraph (B), the United States may bring a civil action to enforce the liability of an endorser, transferor, depository, or fiscal agent on a forged or unauthorized signature or endorsement on, or a

change in, a check or warrant issued by the Secretary of the Treasury, the United States Postal Service, or any disbursing official or agent not later than 1 year after a check or warrant is presented to the drawee for payment.

(B) If the United States has given an endorser written notice of a claim against the endorser within the time allowed by subparagraph (A), the 1-year period for bringing a civil action on that claim under subparagraph (A) shall be extended by 3 years.

The Complaint alleges that the Original Check was cashed on May 11, 2015. Without conclusively deciding the issue of whether the IRS would be time-barred from pursuing an action against First Bank, the Court is of the opinion that First Bank has not carried its burden of showing that it is subject to a substantial risk of incurring multiple obligations, as it has not shown whether the IRS could timely pursue an action under 31 U.S.C. § 3712. At this juncture of the case, the IRS is not a necessary party.

3. First Bank's Rule 12(b)(6) Arguments

a. Whether the IRS is the Real Party in Interest

First Bank contends that the IRS is the real party in interest such that this case should be dismissed under Rule 17 of the Federal Rules of Civil Procedure because Plaintiffs' claim for $70,084.00 is the subject of the IRS's claim. Def.'s Mem. [7] at 3. Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (citations and quotation marks omitted). A party is a real party in interest if its participation in the litigation will

assure a genuine adversary issue between the parties. *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 428 (5th Cir. 2008).

Plaintiffs bring a conversion claim against First Bank based upon the Original Check. Mississippi law mandates that "[a]n action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." Miss. Code Ann. § 75-3-420. Because Plaintiffs can enforce a conversion claim as to the Original Check, they are the real party in interest.

> b.    <u>Whether Plaintiffs' Claims Are Barred on Grounds of Unreasonable Delay</u>

According to First Bank, "Plaintiffs are guilty of unreasonable delay in failing to interpose their claim within a reasonable time after they had learned of the alleged conversion or breach of warranty." Def.'s Mem. [7] at 6. In support of this argument, First Bank relies on *Lewittes Furniture Enterprises, Inc. v. Peoples National Bank*, 82 Misc. 2d 1013, 372 N.Y.S. 830 (N.Y. Dist. Ct. 1975). *Lewittes* does not apply here, however. In *Lewittes*, the court applied the New York version of UCC § 4-207(4), which governs transfer warranties, not a claim for conversion. Moreover, New York had amended UCC § 4-207(4) to state that "such a claim should be made within a reasonable time after the claiming party learns of the breach." N.Y. UCC § 4-207. No such language imposing a "reasonable time" requirement appears in the Mississippi provision governing transfer warranties. *See* Miss. Code Ann. § 75-3-416.

17

The relevant Mississippi statute of limitations for conversion, which is the claim actually brought by Plaintiffs, provides that "an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, . . . must be commenced within three (3) years after the cause of action accrues." Miss. Code. Ann. § 75-3-118. First Bank argues in its Reply that the one-year statute of limitations in Mississippi Code Section 75-4-406 applies to this action instead of the three-year statute for conversion. Reply [12] at 10. However, Mississippi Code Section 75-4-406 relates to disputes between a bank and its customer, and there is nothing in the record to indicate that Plaintiffs are First Bank's customer.

c.   Whether Plaintiffs' Claims are Barred Because the Check was Void after One Year

First Bank contends that Plaintiffs' action is time-barred because they filed suit more than one year after the IRS issued the Original Check, Def.'s Mem. [7] at 7, noting that the Original Check issued on October 28, 2014, and states, "Void after one year," yet Plaintiffs did not file their Complaint until June 15, 2017, *id.* First Bank cites *Your Insurance Needs Agency*, 274 F.3d at 1005, where the Fifth Circuit held that the plaintiff's suit for a replacement check was barred by the one-year limitations period in 31 U.S.C. § 3702. "Any claim on account of a Treasury check shall be barred unless it is presented to the agency that authorized the issuance of such check within 1 year after the date of issuance of the check[.]" 31 U.S.C. § 3702(c)(1). The record shows that on October 28, 2014, the IRS issued the Original Check and then issued the Replacement Check on December 26, 2014. The only reasonable inference from these alleged facts is that Plaintiffs presented their claim

18

regarding the Original Check to the IRS within one year of its issuance. First Bank even states in its Reply that "[b]etween some time after October 28, 2014 and before December 26, 2014, Plaintiffs requested a replacement check." Reply [12] at 2.

Furthermore, First Bank has not adequately demonstrated that the time limitation in 31 U.S.C. § 3702(c)(1) is applicable to an action such as this one where the United States is not a party. The Department of the Treasury has interpreted this subsection as applying to "claims on Treasury checks to be brought by or against the United States." Department of Treasury; Indorsement and Payment of Checks Drawn on the United States Treasury, 54 Fed. Reg. 35639-03 (Aug. 29, 1989) (codified at 31 C.F.R. § 245.3). The Court finds that Plaintiffs have timely filed their Complaint.

      d.   <u>Whether Plaintiffs' Claims are Barred by Their Contributory Negligence</u>

First Bank alleges that Plaintiffs contributed to the unsafe transfer of the check and were negligent in misrepresenting to the IRS whether they had endorsed the Original Check. Def.'s Mem. [7] at 8-9. Mississippi Code Section 75-3-406, which is titled "Negligence contributing to forged signature or alteration of instrument," provides:

> (a) A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.

> (b) Under subsection (a), if the person asserting the preclusion fails to

exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss.

(c) Under subsection (a), the burden of proving failure to exercise ordinary care is on the person asserting the preclusion. Under subsection (b), the burden of proving failure to exercise ordinary care is on the person precluded.

Miss. Code Ann. § 75-3-406.

Whether Plaintiffs failed to exercise ordinary care, and whether that failure substantially contributed to the making of a forged signature, are factual issues to be resolved by the jury. Even assuming Plaintiffs failed to exercise ordinary care, they have sufficiently pled that First Bank did not exercise ordinary care itself, and therefore, the loss would be allocated under subsection (b) between the parties "on a comparative negligence basis." Miss. Code Ann. § 75-3-406 cmt. 4.

e.     Whether Plaintiffs' Claims are Barred by Accord and Satisfaction

First Bank contends that Plaintiffs' acceptance of the Replacement Check constituted an accord and satisfaction. Def.'s Mem. [7] at 9.

The four elements of a valid accord and satisfaction under Mississippi law are (1) something of value offered in full satisfaction of demand; (2) accompanied by acts and declaration as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item.

*Wallace v. United Miss. Bank*, 726 So. 2d 578, 589 (Miss. 1998).

"[A]n accord and satisfaction 'must have all the essentials of a contract and

may be express, or implied from the circumstances.'" *Id.* (quoting *Cook v. Bowie,* 448 So. 2d 287 (Miss. 1984)). "The burden of proving an accord and satisfaction 'is upon the one who maintains the affirmative of that issue,'" and must be proven by clear and convincing evidence. *Id.* at 590 (quoting *Simmons v. Langston,* 128 So. 2d at 749, 750 (Miss. 1961)).

While First Bank is correct that Plaintiffs accepted the Replacement Check, the record shows that the IRS later found the check was issued in error, and has demanded that Plaintiffs repay the amount of that check, plus interest. First Bank has not shown that accord and satisfaction bars Plaintiffs' claims.

4.    Plaintiffs' Motion for Leave to Amend Complaint

Plaintiffs seek to add Crechale as a defendant and to add a claim for civil conspiracy against First Bank and Crechale. First Bank opposes the amendment, contending that the Court does not have jurisdiction to entertain the Motion because Plaintiffs have not satisfied the amount in controversy requirement. Def.'s Mem. [22] at 1-4. However, the Court has found that Plaintiffs have indeed met that requirement.

First Bank also asserts that Plaintiffs' Proposed First Amended Complaint fails to plead civil conspiracy with particularity. *Id.* at 4. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) does not require that civil conspiracy be pleaded with particularity. First Bank also cites *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987), for the proposition that bald

21

allegations that a conspiracy existed are insufficient. Def.'s Mem. [22] at 4. However, *Lynch* stated that "Plaintiffs who assert conspiracy claims *under civil rights statutes* must plead operative facts upon which their claim is based." 810 F.2d at 1369-70 (emphasis added). Plaintiffs are not making a conspiracy claim under a civil rights statute. The Court finds that leave to amend should be granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant First Bank's Motion [6] to Dismiss is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion [17] for Leave to File First Amended Complaint is **GRANTED**. No later than March 21, 2018, Plaintiffs shall file as a separate docket entry the First Amended Complaint attached as Exhibit A to their Motion [17] for Leave to Amend.

**SO ORDERED AND ADJUDGED**, this the 14th day of March, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE